UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| LESLIE WEBB, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3-12-143 |
| | § | |
| SETTOON TOWING, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Leslie Webb filed this case as a collective action under the Fair Labor Standards Act ("FLSA"). The complaint alleges that Defendant Settoon Towing, LLC deprived its tankermen employees of overtime pay by improperly classifying them as "seamen" exempt from the FLSA. Settoon seeks dismissal under Federal Rule of Civil Procedure 12(b)(3) on the ground that a "Choice of Forum Agreement" requires Plaintiff and other Settoon employees to bring suit in federal or state court in Louisiana "[i]n the event a dispute arises during [their] employment." Alternatively, Settoon requests that the case be transferred to the United States District Court for the Eastern District of Louisiana for convenience purposes pursuant to 28 U.S.C. § 1404(a).

The Court finds that venue transfer is the proper framework for analyzing this issue, and that transfer to the Eastern District of Louisiana would serve the convenience of parties and witnesses and the interest of justice. Accordingly, the

Court **GRANTS** Settoon's Motion to Transfer Venue. Settoon's Motion to Dismiss is **DENIED**.

## I. BACKGROUND

Webb, a resident of Chambers County, Texas, filed this action on behalf of himself and similarly situated individuals who were employed by Settoon as tankermen within the past three years and paid a "day rate" with no overtime pay. Docket Entry Nos. 1 ¶ 5; 21-2 ¶ 2. Settoon is a Delaware company with headquarters in Houma, Louisiana. It provides marine equipment and logistics support to various industries. Docket Entry No. 15-2 ¶¶ 3–5. So far, two other men have joined the suit. *See* Docket Entry Nos. 10; 22.

All current and potential Plaintiffs in this action signed a Choice of Forum Agreement while employed at Settoon. That agreement states in pertinent part:

> In the event a dispute arises during my employment or that I am injured in the course and scope of my employment with SETTOON TOWING, L.L.C. (hereinafter collectively called "COMPANY"), then I specifically agree that I will only bring suit in one of the following courts:
>
> 1. In the United States District Court for the Eastern District of Louisiana, or such other federal court located in Louisiana where venue is otherwise proper:
>
> Or
>
> 2. In the 23 Judicial District Court for the Parish of ASSUMPTION, State of Louisiana, or such [other] judicial district court located in the State of Louisiana where venue [is] otherwise proper under the Louisiana Code of Civil Procedure.

Docket Entry No. 21-1.

Settoon filed its Answer on July 2, 2012. The Answer does not mention the Choice of Forum Agreement, but states that "[v]enue is improper in this District pursuant to Rule 12(b)(3)." Docket Entry No. 9 at 1. Settoon filed the instant motion less than a month later, on July 31, 2012. Docket Entry No. 15.

## II. THE FORUM SELECTION CLAUSE

### A. Dismissal vs. Transfer

As an initial matter, the Court must determine whether Settoon's attempt to enforce the forum selection clause should be analyzed in the dismissal context under Rule 12(b)(3) or the transfer context under 28 U.S.C. § 1404(a), which Plaintiffs argue would be the proper procedural mechanism. The type of forum designated in the forum selection clause provides the answer. *See In re Atl. Marine Constr. Co.*, No. 12-50826, 2012 WL 5835832, at *2–3 (5th Cir. Nov. 19, 2012). When a forum selection clause designates a state court forum, an arbitral forum, or a forum in a foreign country, the proper remedy is dismissal. *See Int'l Software Sys., Inc. v. Amplicon, Inc.*, 77 F.3d 112, 113–15 (5th Cir. 1996) (state court forum); *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 900 (5th Cir. 2005) (arbitral forum); *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 4 (1972) (foreign forum). By contrast, when "a forum-selection clause allows suit to be brought in either the state or the federal courts of a different forum, making

transfer to another federal court an option, the majority of the federal district courts have held that a motion to transfer under § 1404(a) analyzed under the balancing test set forth in *Stewart* . . . , not a motion to dismiss under *Bremen*, is the proper approach. *Tex. Cmty. Bank, N.A. v. Dunn*, No. H-09-3514, 2010 WL 3220652, at *2 (S.D. Tex. Aug. 13, 2010) (citations omitted); *see also Atl. Marine*, 2012 WL 5835832, at *3 ("A forum-selection clause is properly enforced via § 1404(a) as long as venue is statutorily proper in the district where suit was originally filed and as long as the forum-selection clause elects an alternative federal forum."); *Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, No. A-07-CA-421 LY, 2007 WL 3256210, at *4 (W.D. Tex. Nov. 2, 2007) (collecting cases). As Wright & Miller summarizes:

> A growing number of district courts have rejected dismissal under either Rule 12(b)(3) or Rule 12(b)(6) based on a forum-selection clause. Instead, these courts have determined that transfer pursuant to Section 1404(a) is the preferred method for dealing with a forum-selection clause as long as venue is appropriate in the chosen district. Under this view, dismissal is only appropriate when transfer is impossible, such as when the chosen forum is in a foreign country or when the district is not a place in which the action could have been brought. . . . Given Section 1404(a)'s emphasis on convenience and justice, transfer, rather than the harsh remedy of dismissal, seems to be the better approach whenever possible.

5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1352 (3d ed. Supp. 2011). The *Atlantic Marine* decision issued last week now makes it Fifth Circuit law that a convenience analysis under section 1404(a) is

appropriate when a party seeks to transfer a case based on a forum selection clause that provides for suit in another federal court. *See Atl. Marine*, 2012 WL 5835832, at *2–3.

### B. Does the Forum Selection Clause Apply To An Ex-Employee?

If applicable and enforceable, a forum selection clause "will be a significant factor that figures centrally in the district court's [venue transfer] calculus," *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988), as it "provides some indication that the convenience of the parties would presumably be better served by transfer," *Choice Equip. Sales, Inc. v. Captain Lee Towing, L.L.C.*, 43 F. Supp. 2d 749, 754 (S.D. Tex. 1999). But Webb contends the forum selection clause does not apply to his case because he was a former Settoon employee when he filed this suit. The clause applies to a "dispute [that] arises during my employment" and Webb interprets that to mean that "[a] 'dispute arises' when the fighting starts, not when the underlying acts occur." Docket Entry No. 21 at 3. Both parties parse the language of the contract, arguing about the common meaning of "dispute" and whether a particular meaning would render other provisions of the clause meaningless. The Court need not decide this issue of contract interpretation, however, because it concludes below that the Eastern District of Louisiana is

clearly a more convenient forum for this case regardless of whether the forum selection clause applies to a former employee such as Webb.[1]

### III. MOTION TO TRANSFER VENUE

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A district court should grant transfer "[w]hen the movant demonstrates that the transferee venue is clearly more convenient." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 (5th Cir. 2008). The statute is intended to save "time, energy, and money while at the same time protecting litigants, witnesses, and the public against unnecessary inconvenience[s]." *Republic Capital Dev. Grp., L.L.C. v. A.G. Dev. Grp., Inc.*, No. H-05-CV-1714, 2005 WL 3465728, at *8 (S.D. Tex. Dec. 19, 2005) (citing *Van Dusen v. Barrack*, 376 U.S. 612 (1964)).

---

[1] This holding that venue transfer is appropriate even without considering the clause as a factor favoring transfer also makes it unnecessary to resolve Webb's argument that Settoon waived the forum selection clause defense by not specifically citing it in the Answer, which just referred to "improper venue." In any event, a motion to transfer for convenience under section 1404(a) "technically can be made *at any time*," 1 Hon. David Hittner, *Federal Civil Procedure Before Trial* 4:776 (5th Cir. Ed. 2011) (emphasis in original), and the weight of authority holds that the Answer need not specifically reference the forum selection clause. *See Rogen v. Memry Corp.*, 886 F. Supp. 393, 396 (S.D.N.Y. 1995) (finding that the assertion in the answer that the district was "not the proper venue for this action" precluded a finding of waiver, despite the absence of a specific reference to the forum selection clause); *Indem. Ins. Co. v. K-Line Am., Inc.*, No. 06 Civ. 0615(BSJ), 2008 WL 4922327, at *10 (S.D.N.Y. Feb. 27, 2008) (same); *see also Sharpe v. Jefferson Distrib. Co.*, 148 F.3d 676, 679–80 (7th Cir. 1998), *overruled on other grounds* (noting that forum selection clauses and the statutory venue defense are "sufficiently close" to be grouped together for purposes of Rule 12(h)(1) (citation omitted)).

In applying the provisions of Section 1404(a), the first determination is whether the judicial district to which transfer is sought is a district in which the claim could have been filed. *In re Volkwagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). It is undisputed that this suit could have been brought in the Eastern District of Louisiana. Given that Settoon's contacts in the Eastern District of Louisiana would subject it to personal jurisdiction there if that district were a separate state, Settoon is deemed a resident of that district under 28 U.S.C. § 1391(d), making venue proper under Section 1391(b)(1).

Having established that the case could have originally been brought in the Eastern District of Louisiana, the Court now turns to weighing a number of private and public interest factors. *In re Volkswagen AG*, 371 F.3d at 203 (citations omitted). Specifically, the Fifth Circuit has articulated the factors as follows:

> The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of forum law.

*Id.* (citations omitted).

These factors demonstrate that the transfer is warranted. The first private interest factor—the relative access to sources of proof—supports transfer to

Louisiana. Settoon points out, and Plaintiffs do not contest, that the relevant documents, contracts, payroll information, vessel logs, and employee schedules are located in Settoon's offices in Louisiana.

The second private interest factor—the availability of compulsory process to secure witness attendance—is a wash. Neither Settoon nor Plaintiffs identify with sufficient specificity any non-party witness located in either the Eastern District of Louisiana or the Southern District of Texas.

Assessing the third private factor, the cost of attendance for willing witnesses, requires the Court to decide whether to evaluate this case as it stands at this early stage—as one with three plaintiffs—or as it was pled, as one in which notice will issue inviting all similarly situated employees to join. Courts within this district have followed both approaches. *Guerrero v. Habla Communicaciones*, No. H-05-3620, 2006 WL 696646, at *3 (S.D. Tex. Mar. 16, 2006), found it inappropriate to "speculat[e] on the potential inconvenience to unknown parties and unknown witnesses" and thus did not consider the convenience of the proposed plaintiff class.[2] But other courts, without directly addressing the issue, have considered the convenience of putative plaintiffs in FLSA actions. *See Thompson v. John W. Stone Oil Distrib., LLC*, No. 3:11-cv-00300, at 1 (S.D. Tex.

---

[2] District courts in other circuits have also taken this approach. *See, e.g.*, *Luchini v. CarMax, Inc.*, No. 1:12cv0417 LJO DLB, 2012 WL 2401530, at *4 (E.D. Cal. June 25, 2012); *Blume v. Int'l Servs., Inc.*, No. 4:12CV165 DDN, 2012 WL 1957419, at *4 (E.D. Mo. May 31, 2012).

Feb. 28, 2012), ECF No. 28 (transferring tankermen's FLSA action to the Eastern District of Louisiana in part because 60% of potential plaintiffs were Louisiana residents); *Salinas v. O'Reilly Auto., Inc.*, 358 F. Supp. 2d 569, 571–72 (N.D. Tex. 2005) (considering residence of potential opt-in plaintiffs in the convenience analysis).

The Court concludes that the latter approach of considering the convenience of the putative class is appropriate. First, Webb elected to bring this case as a collective action. The complaint lists as parties "[t]he class of similarly situated employees" and contains numerous allegations—uncontroverted at this stage of the litigation—that other tankermen are similarly subject to Settoon Towing's policy classifying them as exempt "seamen." Docket Entry No. 1 ¶¶ 5, 7, 10–13. Second, the standard for collective action notification "is a lenient one, usually resulting in 'conditional certification' of a representative class, to whom notice is sent and who receive an opportunity to 'opt in.'" *Johnson v. TGF Precision Haircutters, Inc.*, 319 F. Supp. 2d 753, 754–55 (S.D. Tex. 2004) (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995)). The transfer analysis should take account of this reality of FLSA litigation given that practical considerations of judicial economy animate the transfer analysis. *See Monroe v. Walmart Stores Tex., LLC*, No. 2-11-cv-329-TRG, 2012 WL 3887006, at *4 (E.D. Tex. Sept. 6, 2012) ("[J]udicial economy is a paramount consideration when determining

whether a transfer is in the interest of justice." (citing *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960) (internal quotation marks omitted)). That interest in judicial economy also provides the third reason to consider the collective action allegations as pleaded when analyzing venue transfer motions: the approach of waiting until after the opt-in period would result in multiple venue transfer motions and the potential for a game of venue ping-pong in which a case is transferred back and forth between the forum convenient to the original plaintiff and the forum convenient to most plaintiffs who opt in. The approach that would not consider the convenience of the putative plaintiffs until after the opt-in period contemplates the possibility of transfer motions at both the pre- and post-conditional certification stage, as in *Guerrero*, but its logic would also seemingly allow for another transfer motion back to the original court if the case is decertified at the more rigorous second stage of the certification process that most courts in this circuit follow. It makes more sense to treat the case as pleaded and determine the venue issue at the outset. This approach also ensures that the court that would have to try a collective suit is the one making the certification decisions, which turn in part on manageability issues.[3]

---

[3] The only downside of considering the case as pleaded is if the case is transferred based in part on the convenience considerations of putative plaintiffs and yet remains a single plaintiff case, because either the Court concludes the proposed additional plaintiffs are not similarly situated or those individuals delince to opt in. That scenario would not result in trial in an inconvenient forum, however, because the "cost of attendance for willing witnesses" factor is just one of the many factors that are considered in the venue analysis; other factors would have to support the

When including putative plaintiffs among the witnesses whose convenience is at issue in the third private interest factor, it is significant that 50.2% of the putative class members reside in Louisiana, while only 16.47% reside in Texas. Even apart from the potential plaintiffs, the vast majority of wheelhouse personnel, who worked with both the putative class as a whole and with Webb specifically, live in Louisiana rather than Texas. *See* Docket Entry No. 15-2 at 1–5. In contrast, Plaintiffs fail to identify any individual witnesses residing in Texas other than Webb and one of the plaintiffs who has already opted in, or any general groups of witnesses residing in Texas.

The fourth private interest factor weighs in favor of transfer. Although transferring venue may create slight delay, transferring the case to the Eastern District of Louisiana would make trying the case more "easy, expeditious and inexpensive," *Volkswagen AG*, 371 F.3d at 203, because it would avoid the prospect of having two trials in different venues on the same issue—one in Texas for former employees like Webb and another in Louisiana for currently employed tankermen to whom the forum selection clause undisputedly applies. "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and

---

transfer to establish that the trasanferee venue is clearly more convenient. And any concerns about judicial economy in that situation would be minimal because a single plaintiff FLSA case is unlikely to require extensive resources.

money that s 1404(a) was designed to prevent." *Cont'l Grain*, 364 U.S. at 26. Plaintiffs argue that the forum selection clause would not apply to current employees because "joining" an FLSA suit in Texas does not amount to the "filing" of a suit to which the clause refers. But whether an individual files a new FLSA suit or joins an existing one, he or she is a "party plaintiff" to the action, *see* 29 U.S.C. § 216(b), and subject to an individualized statute of limitations, *see* 29 U.S.C. § 216(c). And putative class members are required to file written consents in order to become FLSA plaintiffs. *See* 29 U.S.C. § 216(b). Without deciding this apparently novel issue, the substantial likelihood that the clause applies to current employees who opt in to this case renders the Eastern District of Louisiana a more efficient forum for this case.

The public interest factors also weigh in favor of transfer. Even though Plaintiffs Webb and Dixon reside in the Southern District of Texas, the issue of whether Settoon is required to pay its tankermen overtime is more of a localized interest of the Eastern District of Louisiana because 50.2% of the employees whom Plaintiffs allege to be "victimized" reside in Louisiana versus 16.47% who reside in Texas. Docket Entry No. 15-2 ¶ 12. The Court finds the other public interest factors—administrative difficulties flowing from court congestion, familiarity of the forum with the law governing the case, and the avoidance of unnecessary problems of conflict of laws—to be neutral.

Finally, the Court notes that although a plaintiff's choice of forum is usually entitled to some deference, that deference is not as great here because Webb brought this case not only on behalf of himself, but on behalf of all individuals who were employed by Settoon as tankermen within the past three years and paid a day rate without compensation. Docket Entry No. 1 ¶ 5; *see Young v. Dollar Tree Stores, Inc.*, No. 11-cv-01840-REB-MJW, 2012 WL 3705010, at *2 (D. Colo. Aug. 24, 2012) (giving choice of forum reduced weight in nationwide FLSA collective action); *Lafleur v. Dollar Tree Stores, Inc.*, No. 1-11CV8473, 2012 WL 2280090, at *3 (N.D. Ill. June 18, 2012) (same); *Tate-Small v. Saks Inc.*, No. 12CV1008(HB), 2012 WL 1957709, at *4 (S.D.N.Y. May 31, 2012) (same).

When viewed as a whole, the location of evidence, convenience of witnesses, and efficiency considerations outweigh any slight delay that transfer may cause, which is the only factor lending any significant weight against transfer. Therefore, the Court finds transfer to be appropriate under section 1404(a).

IV. **CONCLUSION**

For the reasons above, Defendant Settoon, Towing, LLC's Motion to Dismiss, or in the Alternative, Motion to Transfer Venue (Docket Entry No. 15) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, Settoon's motion to dismiss is **DENIED** and its motion to transfer is **GRANTED**. This action is

transferred to the United States District Court for the Eastern District of Louisiana.

The Court will enter a separate order of transfer.

SIGNED this 28th day of November, 2012.

_____
Gregg Costa
United States District Judge